IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL LEVIEGE, 714330, | ) | |
|                Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-1722-P |
| | ) | ECF |
| STANLEY MAYS, ET AL., | ) | |
|                Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff is currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division. He brings this suit pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are defense attorneys Stanley Mays, April Smith and John Tatum; prosecutors Gina Clark, Tammy Ardolf and Christi Dean; and Judge F. Byron.

**II. Background**

In 1994, Plaintiff was placed on deferred adjudication probation for aggravated sexual assault of a child. On May 26, 1995, Plaintiff's probation was revoked and he was sentenced to

fifty years confinement.

Petitioner argues his civil rights were violated because he received ineffective assistance of counsel during his criminal case. He states that this trial attorney, Stanley Mays, recommended that he accept probation on the criminal charges, even though there was no evidence to convict him. He argues that his appellate attorney, John Tatum, did nothing to obtain a new trial. Additionally, he claims that his attorney, April Smith, did not pursue DNA testing.

Plaintiff also argues that prosecutors Gina Clark, Tammy Ardolf and Christi Dean and trial judge F. Byron prosecuted him without any evidence.

Plaintiff seeks monetary damages, a pardon for his criminal conviction and disbarment of each defendant.

## III.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**IV. Discussion**

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years).

In this case, Petitioner's conviction was affirmed on May 29, 1997. He was therefore aware of his claims against his trial counsel, appellate counsel, the trial judge and prosecutors by that date. Further, Plaintiff's claim for DNA testing was denied on March 31, 2004. He therefore knew of his DNA claims at that time. Plaintiff, however, did not file this complaint until September 14, 2006. The complaint is therefore untimely.

Plaintiff has made no showing that he is entitled to equitable tolling of the limitations period. The Court therefore recommends that the complaint be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed with prejudice as barred by the statute of limitations.

Signed this 14th day of November, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).